## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**GREAT AMERICAN FIDELITY
INSURANCE COMPANY**,

      Plaintiff,

v.

**STOUT RISIUS ROSS, INC.,
STOUT RISIUS ROSS, LLC.,
SCOTT D. LEVINE, DEBORA
LEVINE, AZIZ EL-TAHCH,
AYELISH M. MCGARVEY,
ROBERT SOCOL, and LYNN
SOCOL,**

      Defendants.

Case No.
Hon.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff GREAT AMERICAN FIDELITY INSURANCE COMPANY ("Great American"), through counsel, and, for its Complaint against Defendants STOUT RISIUS ROSS, INC., STOUT RISIUS ROSS, LLC, SCOTT D. LEVINE, DEBORA LEVINE, AZIZ EL-TAHCH, AYELISH M. MCGARVEY, ROBERT SOCOL, AND LYNN SOCOL states the following:

**JURISDICTIONAL ALLEGATIONS**

1.     Great American is an insurance company incorporated in the State of Delaware, with its principal place of business in the State of Ohio, which provides miscellaneous professional liability insurance in the State of Michigan.

2.     Defendant Stout Risius Ross, Inc. ("SRR Inc.") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Southfield, Michigan.

3.     Defendant Stout Risius Ross, LLC ("SRR LLC"), is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business in Royal Oak, Michigan.

4.     Defendants Scott D. Levine ("Levine") and Debora Levine are husband and wife currently living in Oakton, Virginia.

5.     Levine also served as a Managing Director of SRR Inc. and/or SRR LLC from 2004 through the present.

6.      Defendants Aziz El-Tahch ("El-Tahch") and Ayelish M. McGarvey are husband and wife currently living in New York, New York.

7.      El-Tahch served as a Managing Director of SRR Inc. and/or SRR LLC from 2004 through December 2016.

8.      Defendants Robert Socol ("Socol") and Lynn Socol are husband and wife currently living in Glencoe, Illinois.

9.      Socol served as a Managing Director of SRR Inc. and/or SRR LLC from sometime in or about 2004.

## JURISDICTION AND VENUE

10.     This is an action for both declaratory judgment action and money damages, with jurisdiction based upon the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202, the Federal Rules of Civil Procedure, Rule 57, and on diversity of citizenship under 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

12.     This declaratory judgment action pertains to an actual controversy over a request for insurance coverage under a claims made and reported

Miscellaneous Professional Liability Insurance Policy, No. MPLE248620 issued by Great American to Stout Risius Ross LLC for the policy period September 1, 2018 to September 1, 2019. A copy of the Great American policy is attached as Exhibit A and made a part of this pleading in its entirety pursuant to Federal Rule of Civil Procedure 10(c).

13. Great American asks this Court to judicially declare that the Great American policy provides no coverage for, and that Great American has no duty to defend or indemnify Defendants in connection with, two underlying actions captioned *Appvion Inc. Retirement Savings and Employee Stock Ownership Plan v. Douglas P. Buth and Gayle Buth et. al.*, United States District Court, Eastern District of Wisconsin (Green Bay), Case No. 1:18-cv-01861-WCG (the "*Appvion ESOP* action") and *Alan D. Halperin and Eugene I. Davis, as Co-Trustees Of The Appvion Liquidating Trust, v. Mark R. Richards, et al.*, United States Bankruptcy Court, District of Delaware, Case No. Adv. Pro. No. 18-50955 (KJC) (the "*Appvion Trust* action").

14. Great American further requests money damages based on the reimbursement of all amounts paid and that will be paid as fees, costs, and other amounts incurred to defend the Defendants in the *Appvion ESOP* action and the *Appvion Trust* action.

4

15.    The gravamen of each of these two actions against Defendants is that SRR Inc. and/or SRR LLC, an independent advisory firm, was engaged by the trustee of a company ESOP to determine the fair market value of the stock of the Paperweight Development Corporation, owned by the ESOP, and that Defendants significantly overvalued the stock, causing the ESOP and its employee participants who relied upon those valuations to sustain large losses.

## GENERAL ALLEGATIONS

### The Great American Policy

16.    Great American issued Miscellaneous Professional Liability Insurance policy no. MPLE248620 to named insured Stout Risius Ross LLC for the policy period September 1, 2018 to September 1, 2019.  *See* Exhibit A.

17.    The Great American policy, subject to all of its terms, conditions, limitations, exclusions, and endorsements, is a claims made and reported insurance policy and includes a $5,000,000 per claim limit of liability and a policy aggregate limit of $5,000,000, inclusive of claim expenses.  The Great American policy is subject to a $100,000 per claim deductible, which applies to the payment of damages and claim expenses.

18.    "Professional services" as specified in Item 9 in the Declarations of the Great American policy means "[s]olely in the performance of providing technology services, valuation services, litigation consulting and services

including preparation of QDRO's and tax returns, fairness opinion services, solvency opinion services, representing others in the sale, purchase or recapitalization of a business or its assets, private equity co-investment consulting services, real estate and personal property appraisals, receiver for various entities/persons focused on the management and/or dissolution of assets, forensic data recovery, expert witness services, legal management consulting, quantitative analytics management consulting, hosting, data management services and mergers & acquisitions consulting services."

19. The Great American policy contains an endorsement entitled "Network Liability Endorsement" on Form D46712(15) (01/18). The endorsement modifies the main coverage form D46100 (10/17) and provides in relevant part:

**Section I.  Insuring Agreement**

The **Company** will pay on behalf of the **Insured** all sums in excess of the **Deductible** that the **Insured** becomes legally obligated to pay as **Damages** and **Claim Expenses** as a result of a **Claim** first made against the **Insured** and reported in writing to the **Company** during the **Policy Period** or **Extended Reporting Period,** by reason of an act or omission, including **Personal Injury** or **Network Liability**, in the performance of **Professional Services** by the **Insured**, or by any person for whom the **Insured** is legally responsible, provided that:

    A.    No such act or omission, or **Related Act or Omission**, was committed prior to the **Retroactive Date**; and

    B.    Prior to the inception date of the first policy issued by the **Company**, and continuously renewed, no **Insured** had a

basis to believe that any such act or omission, or **Related Act or Omission**, might reasonably be expected to be the basis of a **Claim**.

The **Company** has the right and duty to defend any **Claim** against the **Insured** provided such **Claim** is made or suit is brought in the United States of America, its territories or possessions, even if any of the allegations of the **Claim** are groundless, false or fraudulent. The **Company** has the right to appoint counsel and to make such investigation and defense of a **Claim** as it deems necessary.

\* \* \*

20. The Great American policy defines the bold terms as follows [as amended]:

**D.** **"Claim Expenses"** means:

 (1)  Fees charged by attorneys designated by the **Company** or designated by the **Insured** with the **Company's** prior written consent;

 (2)  All other reasonable and necessary fees, costs, and expenses resulting from the investigation, adjustment, negotiation, arbitration, mediation, defense, or appeal of a **Claim**, if incurred by the **Company** or by the **Insured** with the **Company's** prior written consent; and

 (3)  Premiums on appeal bonds, attachment bonds, or similar bonds; however, the **Company** is not obligated to apply for or furnish any such bond.

**E.** **"Company"** means the insurance company identified in the Declarations.

**F.** **"Damages"** means a monetary judgment or monetary award which the **Insured** is legally obligated to pay, including statutory damages, punitive, multiplied, or exemplary damages, where it is deemed permitted under the laws and public policy of the **Applicable Jurisdiction** by law; or pre-judgment and post-judgment interest. **Damages** also means a monetary settlement to

which the **Company** agrees on an **Insured's** behalf.   However, **Damages** do not include:

(1)    taxes, fines, penalties, forfeitures, or court-imposed monetary sanctions imposed upon the Insured;

(2)    the return, restitution, reduction, compromise, or refund of commissions, fees, premiums, charges, gratuities, or other compensation paid to an **Insured**;

(3)    the cost to correct, complete or re-perform any **Professional Services**;

(4)    the cost of compliance with any order for, grant of, or agreement to provide non-monetary relief, including services or injunctive relief; or

(5)    any amounts uninsurable as a matter of law or public policy.

\* \* \*

**J.**    **"Insured"** means the **Named Insured** and any of the persons or entities listed below, but only while in the performance of **Professional Services** on behalf of the **Named Insured** for clients of the **Named Insured**:

(1)    Any **Subsidiary** or **Newly Acquired Subsidiary**;

(2)    Any present or former partner, principal, shareholder, member, officer, director, or employee of the **Named Insured**, a **Subsidiary** or **Newly Acquired Subsidiary**;

(3)    Independent contractors, but only for **Professional Services** performed on behalf and at the direction of the **Named Insured**, and only if the **Named Insured** has agreed to provide insurance for the independent contractor's **Professional Services**;

(4)    Any leased employee, but only while acting under the direct supervision and exclusively on behalf of the **Named Insured**;

(5)    The estate, heirs, executors, administrators, assigns and legal representatives of any person identified in (2), (3), or (4)

above in the event of such **Insured's** death, incapacity, insolvency or bankruptcy, but only to the extent that such **Insured** would have been provided coverage under this Policy;

(6)   The lawful spouse of any person identified in (2), (3), or (4) above solely by reason of:

     (a)   such spousal status or domestic partner status; or

     (b)   such spouse's or domestic partner's ownership interest in property or assets that are sought as recovery for a **Claim**. Any sums for which such spouse or domestic partner becomes legally obligated to pay on account of such **Claim** shall be deemed **Damages**.

*  *  *

**R.**   "**Professional Services**" means those services specified in Item 9. in the Declarations performed by an **Insured** for others for a fee.

*  *  *

21.   Under Section III. Exclusions, the Great American policy contains

the following exclusions:

### Section III. Exclusions

This Policy does not apply to any **Claim**:

A.   based on or arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by an **Insured**. The **Company** will provide the **Insured** with a defense of such **Claim** unless and until a final adjudication or finding of fact against, or admission by, such **Insured** establishes that such **Insured** committed such dishonest, intentionally wrongful, fraudulent, criminal, or malicious act or omission. Such defense will not waive any of the **Company's** rights under this Policy. Upon establishing that an **Insured** committed a dishonest, intentionally wrongful, fraudulent, criminal, or malicious act or omission, the **Company** will have the right to seek recovery of any **Claim Expenses** incurred on behalf of any **Insured** that committed such acts or omissions.

9

* * *

F.   based on or arising out of actual or alleged violation of:

   (1)   The Employee Retirement Income Security Act of 1974;

   (2)   The Securities Act of 1933;

   (3)   The Securities Act of 1934;

   (4)   Any state Blue Sky or Securities law;

   or any rules, regulations or amendments issued in relation to such acts, or any similar state or federal statutes or regulations, including any **Claim** based upon common law principles of liability . . .

## The *Appvion Trust* Action

22.   On or around November 30, 2018, the *Appvion Trust* action was filed as an adversary proceeding in a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the District of Delaware.   A first amended complaint ("FAC") was filed under seal in the *Appvion Trust* action on February 19, 2019.   A true and correct copy of the redacted version of the FAC that is publicly available (and not filed under seal) is attached hereto as Exhibit B.

23.   The *Appvion Trust* action involves debtors Appvion, Inc., Paperweight Development Corp., PDC Capital Corporation, Appvion Receivables Funding I LLC, and APVN Holdings LLC.

24.   The FAC filed in the *Appvion Trust* action asserts eighteen causes of action, including breach of fiduciary duties of loyalty and care, aiding and abetting breaches of fiduciary duties of loyalty and care, illegal dividends in

10

violation of Delaware law, avoidable preference in violation of federal and state statutes, and avoidable transfer in violation of federal and state statutes.

25.    Count VI for aiding and abetting breaches of the fiduciary duties of care and loyalty, Count X for avoidable preference, and Count XI for avoidable transfer are directed against SRR Inc. and SRR LLC.

26.    Plaintiffs in the *Appvion Trust* action assert that SRR Inc. and SRR LLC aided and abetted the director defendants' and officer/employee defendants' breaches of fiduciary duties of care and loyalty, causing damage to the debtors and their business and prospects.

27.    SRR Inc. and SRR LLC, engaged by the ESOP Trustee to determine the fair market value of the Paperweight Development Corp. common stock, allegedly manipulated a number of critical elements of their valuation methodologies in order to inflate the fair market value determination of Paperweight Development Corp., a common stock corporation.

28.    Plaintiffs in the *Appvion Trust* action also allege that certain payments received by SRR Inc. and SRR LLC in connection with fees and expenses associated with fair market value determinations are avoidable or were fraudulent and that SRR Inc. and SRR LLC should be required to return the value received to the Appvion Liquidating Trust.

## The *Appvion ESOP* Action

29.     On or around November 26, 2018, Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan (the "ESOP Plan"), by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion, Inc., filed an action in the United States District Court for the Eastern District of Wisconsin against Defendants, among others (as defined above, the "*Appvion ESOP* action").

30.     A first amended complaint ("FAC") was filed in the *Appvion ESOP* action on January 8, 2019 against Defendants, among others.  A true and correct copy of the FAC is attached hereto as Exhibit C.

31.     The FAC seeks to recover damages suffered by the ESOP Plan and ultimately by its employee participants.

32.     The FAC alleges that, when Appvion filed bankruptcy in October 2017, the stock in its parent company, Paperweight Development Corp. became worthless.

33.     The FAC asserts that, as a result of defendants' alleged breaches of fiduciary duties in violation of ERISA, fraudulent misrepresentations and omissions to the ESOP Plan and securities violations, the ESOP Plan and its employee participants suffered hundreds of millions of dollars in damages, including retirement funds invested in the ESOP Plan.

34.     In the FAC, the breaches of fiduciary duties and misrepresentations are alleged to include inducing employee participants to take money saved in their 401(k) plans and use it to provide the $106 million down payment needed to fund the ESOP Plan's purchase of 100% of Paperweight Development Corp's stock in November 2001 and inflating the appraised value of the Paperweight Development Corp. stock in the appraisals from 2001 through the 2017 Appvion bankruptcy.

35.     Plaintiff in the *Appvion ESOP* action asserts nineteen causes of action, including breach of fiduciary duty under ERISA and violations of ERISA, engaging in prohibited transactions under ERISA, knowing participation in breaches of fiduciary duty pursuant to ERISA, fraud and negligent misrepresentation, Wisconsin and federal securities fraud, and breach of fiduciary duty under Wisconsin law.

36.     Counts VIII, X, XII, XIII and XIV of the FAC are directed against some or all of the Defendants.

**Great American Reserves its Rights**

37.     Defendants tendered the *Appvion ESOP* action and *Appvion Trust* action to Great American.

38.   Great American has agreed to defend Defendants in the *Appvion ESOP* action and to defend SRR Inc. and SRR LLC in the *Appvion Trust* action, subject to a full reservation of rights.

39.   Great American has reserved its right to deny coverage under Exclusion A in the event there is a final adjudication or finding of fact establishing that Defendants committed a dishonest, intentionally wrongful, fraudulent, criminal or malicious act.  Great American has also reserved its right to deny coverage under Exclusion F, as the allegations against Defendants in the *Appvion ESOP* action and SRR Inc. and SRR LLC in the *Appvion Trust* action arise out of ERISA or state and federal securities laws, or assert common law counts.  Further, Great American has reserved it right to deny coverage with respect to those allegations seeking the return or refund of fees and other charges paid to SRR Inc. and SRR LLC, as they do not constitute "damages" as defined in the Great American policy.  There may be additional bases on which insurance coverage is precluded, in whole or in part, for the *Appvion ESOP* action and the *Appvion Trust* action under the Great American policy, based upon additional information that is developed in those actions and in this action as well.

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (No Duty to Defend SRR Inc. or SRR LLC for the *Appvion Trust* Action)

40.     Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

41.     An actual controversy has arisen and now exists between Great American, on the one hand, and SRR Inc. and SRR LLC, on the other hand, concerning their respective rights and duties under the Great American policy as respects insurance coverage for the *Appvion Trust* action.

42.     Great American has no obligation to defend SRR Inc. or SRR LLC under the Great American policy for the claims arising out of the *Appvion Trust* action.

43.     SRR Inc. and SRR LLC contend that Great American is obligated to defend them under the Great American policy for the claims made by the underlying plaintiffs in the *Appvion Trust* action.

44.     Great American desires a judicial determination of its rights and duties under the Great American policy with respect to coverage for the claims asserted by the underlying plaintiffs against SRR Inc. and SRR LLC in the *Appvion Trust* action.

45.     A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Great American requests a declaratory

judgment, adjudging that it has no duty to defend SRR Inc. or SRR LLC under the Great American policy for the alleged claims made in the *Appvion Trust* action.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (No Duty to Indemnify Defendants for the *Appvion Trust* Action)

46.     Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

47.     An actual controversy has arisen and now exists between Great American, on the one hand, and SRR Inc. and SRR LLC, on the other hand, concerning their respective rights and duties under the Great American policy as respects insurance coverage for the *Appvion Trust* action.

48.     Great American has no obligation to indemnify the SRR Inc. or SRR LLC under the Great American policy for the claims arising out of the *Appvion Trust* action.

49.     SRR Inc. and SRR LLC contend that Great American is obligated to indemnify them under the Great American policy for the claims made by the underlying plaintiffs in the *Appvion Trust* action.

50.     Great American desires a judicial determination of its rights and duties under the Great American policy with respect to coverage for the claims

asserted by the underlying plaintiffs against Defendants in the *Appvion Trust* action.

51.    A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.   Accordingly, Great American requests a declaratory judgment, adjudging that there is no duty to indemnify SRR Inc. or SRR LLC under the Great American policy for the alleged claims made in the *Appvion Trust* action.

### THIRD CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (No Duty to Defend the Defendants for the *Appvion ESOP* Action)

52.    Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

53.    An actual controversy has arisen and now exists between Great American, on the one hand, and Defendants, on the other hand, concerning their respective rights and duties under the Great American policy as respects insurance coverage for the *Appvion ESOP* action.

54.    Great American has no obligation to defend the Defendants under the Great American policy for the claims arising out of the *Appvion ESOP* action.

55.    Defendants contend that Great American is obligated to defend them under the Great American policy for the claims made by the underlying plaintiffs in the *Appvion ESOP* action.

56.    Great American desires a judicial determination of its rights and duties under the Great American policy with respect to coverage for the claims asserted by the underlying plaintiffs against Defendants in the *Appvion ESOP* action.

57.    A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Great American requests a declaratory judgment, adjudging that there is no duty to defend the Defendants under the Great American policy for the alleged claims made in the *Appvion ESOP* action.

## FOURTH CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (No Duty to Indemnify the Defendants for the *Appvion ESOP* Action)

58.    Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

59.    An actual controversy has arisen and now exists between Great American, on the one hand, and Defendants, on the other hand, concerning their

respective rights and duties under the Great American policy as respects insurance coverage for the *Appvion ESOP* action.

60.     Great American has no obligation to indemnify Defendants under the Great American policy for the claims arising out of the *Appvion ESOP* action.

61.     Defendants contend that Great American is obligated to indemnify them under the Great American policy for the claims made by the underlying plaintiffs in the *Appvion ESOP* action.

62.     Great American desires a judicial determination of its rights and duties under the Great American policy with respect to coverage for the claims asserted by the underlying plaintiffs against the Stout Risius defendants in the *Appvion ESOP* action.

63.      A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Great American requests a declaratory judgment, adjudging that there is no duty to indemnify Defendants under the Great American policy for the alleged claims made in the *Appvion ESOP* action.

## FIFTH CLAIM FOR RELIEF - EXPRESS AND/OR IMPLIED IN FACT CONTRACT

**(Reimbursement of Defense Fees and Costs of the *Appvion Trust* action)**

64.     Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

65.     Great American has paid, and will pay in the future, defense fees and costs on behalf of SRR Inc. and SRR LLC for the *Appvion Trust* action.

66.     Great American's payment of defense fees and costs on behalf of SRR Inc. and SRR LLC for the *Appvion Trust* action is being made subject to the reservation and condition that Great American may seek reimbursement for such payments in the event that a determination is made that coverage is not available for the *Appvion Trust* action, in whole or in part.

67.     Prior to paying any defense fees and costs on behalf of SRR Inc. and SRR LLC for the *Appvion Trust* action, Great American communicated its reservation of rights to seek reimbursement of paid defense fees and costs for the *Appvion Trust* action to SRR Inc. and SRR LLC.

68.     Thus, to the extent no coverage is owed to SRR Inc. and SRR LLC for the *Appvion Trust* action, in whole or in part, pursuant to express contract provision(s) in the Great American policy and/or an implied in fact contract, Great American is entitled to and seeks reimbursement from SRR Inc. and SRR

LLC of the fees and costs that Great American has paid, or will pay, in the defense of the *Appvion Trust* action on behalf of SRR Inc. and SRR LLC.

## SIXTH CLAIM FOR RELIEF - EXPRESS AND/OR IMPLIED IN FACT CONTRACT
### (Reimbursement of Defense Fees and Costs of the *Appvion ESOP* action)

69.     Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

70.     Great American has paid, and will pay in the future, defense fees and costs on behalf of Defendants for the *Appvion ESOP* action.

71.     Great American's payment of defense fees and costs on behalf of Defendants for the *Appvion ESOP* action is being made subject to the reservation and condition that Great American may seek reimbursement for such payments in the event that a determination is made that coverage is not available for the *Appvion ESOP* action, in whole or in part.

72.     Prior to paying any defense fees and costs on behalf of Defendants for the *Appvion ESOP* action, Great American communicated its reservation of rights to seek reimbursement of paid defense fees and costs for the *Appvion ESOP* action to Defendants.

73.     Thus, to the extent no coverage is owed to Defendants for the *Appvion ESOP* action, in whole or in part, pursuant to express provision(s) in the Great American policy and/or an implied in fact contract, Great American is

entitled to and seeks reimbursement from SRR Inc. and SRR LLC of the fees and costs that Great American has paid, or will pay, in the defense of the *Appvion Trust* action on behalf of SRR Inc. and SRR LLC.

## SEVENTH CLAIM FOR RELIEF-UNJUST ENRICHMENT
### (Reimbursement of Defense Fees and Costs of the *Appvion Trust* action)

74. Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

75. SRR Inc. and SRR LLC have received a benefit provided by Great American in the form of fees and costs Great American has paid on behalf of SRR Inc. and SRR LLC for the *Appvion Trust* action.

76. SRR Inc. and SRR LLC have been unjustly enriched by their retention of the benefit provided by Great American in the form of fees and costs Great American has paid on behalf of SRR Inc. and SRR LLC for the *Appvion Trust* action.

77. Thus, to the extent SRR Inc. and SRR LLC have been unjustly enriched, Great American is entitled to and seeks reimbursement from SRR Inc. and SRR LLC of the fees and costs that Great American has paid, or will pay in the defense of the *Appvion Trust* action on behalf of SRR Inc. and SRR LLC.

## EIGHTH CLAIM FOR RELIEF-UNJUST ENRICHMENT
### (Reimbursement of Defense Fees and Costs of the *Appvion ESOP* action)

78.    Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

79.    Defendants have received a benefit provided by Great American in the form of fees and costs Great American has paid on behalf of Defendants for the *Appvion ESOP* action.

80.    Defendants have been unjustly enriched by their retention of the benefit provided by Great American in the form of fees and costs Great American has paid on behalf of Defendants for the *Appvion ESOP* action.

81.    Thus, to the extent Defendants have been unjustly enriched, Great American is entitled to and seeks reimbursement from Defendants of the fees and costs that Great American has paid, or will pay in the defense of the *Appvion ESOP* action on behalf of Defendants.

## RELIEF REQUESTED

WHEREFORE, Great American Fidelity Insurance Company requests that this Court declare the rights and obligations of these parties under the insurance contract and determine that the Great American policy provides no coverage for, and Great American owes no duty to defend or indemnify in connection with, the underlying *Appvion ESOP* action or the underlying *Appvion Trust* action and enter judgment providing that Great American may withdraw from providing Defendants with a defense in the underlying actions; enter judgment providing

that Defendants must reimburse Great American for all defense fees, costs, and

other incurred in both the underlying *Appvion ESOP* action and the underlying

*Appvion Trust* action; together with an award of attorney's fees, costs and such

other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ *Elaine M. Pohl*
Charles W. Browning (P32978)
Elaine M. Pohl (P60359)
PLUNKETT COONEY, P. C.
38505 Woodward Avenue, Suite 100*,*
Bloomfield Hills, MI 48304
248-901-4000
cbrowning@plunkettcooney.com
epohl@plunkettcooney.com

-and-

BRUCE D. CELEBREZZE
(admitted in E.D. Mich.)
Cal. State Bar No. 102181
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
(415) 365-9800
bruce.celebrezze@clydeco.us

*Attorneys for Plaintiff*

Dated:  May 3, 2019

## <u>DEMAND FOR JURY TRIAL</u>

Great American Fidelity Insurance Company hereby demands a jury trial

to the full extent permitted by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/*Elaine M. Pohl*
Charles W. Browning (P32978)
Elaine M. Pohl (P60359)
PLUNKETT COONEY, P. C.
38505 Woodward Avenue, Suite 100,
Bloomfield Hills, MI 48304,
248-901-4000
cbrowning@plunkettcooney.com
epohl@plunkettcooney.com

-and-

BRUCE D. CELEBREZZE,
(admitted in E.D. Mich.)
Cal. State Bar No. 102181
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
(415) 365-9800
bruce.celebrezze@clydeco.us

*Attorneys for Plaintiff*

Dated:  May 3, 2019

Open.00972.91746.22077608-1