## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREAT AMERICAN FIDELITY )
INSURANCE COMPANY, )
              Plaintiff, ) Case No. 2:19-cv-11294-LJM-RSW
vs. ) Judge Laurie J. Michelson
           ) Magistrate Judge R. Steven Whalen
STOUT RISIUS ROSS, INC., STOUT )
RISIUS ROSS, LLC, SCOTT D. )
LEVINE, DEBORA LEVINE, AZIZ )
EL-TAHCH, AYELISH M. )
MCGARVEY, ROBERT SOCOL and )
LYNN SOCOL )
      )
           Defendants. )

_____

## MOTION OF PLAINTIFF GREAT AMERICAN FIDELITY INSURANCE COMPANY FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiff Great American Fidelity Insurance Company ("Great American") respectfully moves this Court for entry of an order granting partial summary judgment in its favor against defendants Stout Risius Ross, Inc. and Stout Risius Ross, LLC ("the Stout entity defendants" or "Stout Risius").

1.     Great American seeks partial summary judgment requesting a judicial determination that Great American has no duty to defend or indemnify the Stout entity defendants in connection with two underlying actions:  (1) *Alan D. Halperin and Eugene I. Davis, as Co-Trustees Of The Appvion Liquidating Trust, v. Mark R.*

1

*Richards, et al.,* United States Bankruptcy Court, District of Delaware, Case No. Adv. Pro. No. 18-50955 (KJC) (the "*Appvion Trust*" action); and (2) *Appvion Inc. Retirement Savings and Employee Stock Ownership Plan v. Douglas P. Buth and Gayle Buth, et al.*, United States District Court, Eastern District of Wisconsin (Green Bay), Case No. 1:18-cv-01861-WCG (the "*Appvion ESOP*" action).

2.     Great American seeks partial summary judgment against the Stout entity defendants on the following claims for relief:

- First Claim for Relief – Declaratory Judgment (No Duty to Defend the *Appvion Trust* Action).

- Second Claim for Relief – Declaratory Judgment (No Duty to Indemnify the *Appvion Trust* Action).

- Third Claim for Relief – Declaratory Judgment (No Duty to Defend the *Appvion ESOP* Action).

- Fourth Claim for Relief – Declaratory Judgment (No Duty to Indemnify the *Appvion ESOP* Action).[1]

3.     Great American seeks a declaration that, as to the Stout entity defendants, coverage for both underlying actions is precluded by Exclusion F in the Great American policy for the reasons stated in the attached supporting brief.

---

[1]     Great American is not moving at this time against the individual defendants on any of the claims for relief, nor against the Stout entity defendants on its fifth and sixth claims for relief for reimbursement of defense fees and costs incurred in the two underlying actions.

2

Exclusion F, which precludes coverage for claims based on or arising out of actual or alleged violation of ERISA or securities laws, eliminates coverage for the *Appvion Trust* and *Appvion ESOP* actions because each action asserts claims based on or arising out of actual or alleged violation of ERISA.  Additionally, Exclusion F precludes coverage for the *Appvion ESOP* action because that action alleges violations of securities laws.

4.     Pursuant to Local Rule 7.1, by telephone conference on September 5, 2019, counsel for Great American explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought from counsel for the Stout entity defendants.

<u>s/Elaine M. Pohl</u>
Elaine M. Pohl (P60359)
Charles W. Browning (P32978)
PLUNKETT COONEY, P.C.
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
(248) 901-4000
epohl@plunkettcooney.com
cbrowning@plunkettcooney.com

-and-

3

Bruce D. Celebrezze
(admitted in E.D. Mich.)
Cal. State Bar No. 102181
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, CA  94105
(415) 365-9800
bruce.celebrezze@clydeco.us
***Attorneys for Plaintiff***

Dated:  September 5, 2019

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GREAT AMERICAN FIDELITY            )
INSURANCE COMPANY,                 )
               Plaintiff,        )   Case No. 2:19-cv-11294-LJM-RSW
vs.                                )   Judge Laurie J. Michelson
                                     )   Magistrate Judge R. Steven Whalen
STOUT RISIUS ROSS, INC., STOUT     )
RISIUS ROSS, LLC, SCOTT D.         )
LEVINE, DEBORA LEVINE, AZIZ        )
EL-TAHCH, AYELISH M.               )
MCGARVEY, ROBERT SOCOL and         )
LYNN SOCOL                         )
                                   )
               Defendants.       )
_____

**BRIEF IN SUPPORT OF
PLAINTIFF GREAT AMERICAN FIDELITY INSURANCE COMPANY'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

5

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..................................................................................i

INDEX OF AUTHORITIES ........................................................................ ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................iv

STATEMENT OF MOST APPROPRIATE AUTHORITY ....................................v

I.      INTRODUCTION ...........................................................................1

II.     STATEMENT OF FACTS .................................................................2

        A.     The Great American Policy..................................................2

        B.     The Underlying Actions .....................................................3

        C.     The *Appvion ESOP* Action.................................................5

        D.     The *Appvion Trust* Action .................................................7

        E.     Great American's Reservation of Rights ............................10

III.    ARGUMENT...................................................................................10

        A.     Michigan Law Regarding The Determination of Insurer's
               Coverage Obligations.........................................................10

        B.     Exclusion F Precludes Coverage For Both Lawsuits
               Because All Claims Against Stout Risius Are Alleged To
               Be Based on or Arise Out of ERISA...................................12

               1.     The Term "Based Upon Or Arising Out Of" Is
                      Interpreted Broadly ................................................12

               2.     Both Lawsuits Are Based on and Arise Out Of
                      Alleged Violations of ERISA ..................................15

        C.     Coverage for the *Appvion ESOP* Action Is Also
               Precluded Because It Alleges Violations of Securities
               Laws ...................................................................................19

IV.     CONCLUSION...............................................................................24

i

# INDEX OF AUTHORITIES

**Page(s)**

### Federal Cases

*American Casualty Co. of Reading, Pa. v. Rahn*,
854 F. Supp. 492 (W.D. Mich. 1994) ................................................................13

*Assurance Co. of America v. J.P. Structures, Inc.*,
Nos. 95–2384, 96–1010, 96–1027, 1997 WL 764498 (6th Cir. 1997) ..............14

*Bendis v. Federal Ins. Co.*,
958 F.2d 960 (10th Cir. 1991) ......................................................................20, 21

*Cape Coral Medical Center, Inc. v. American Continental Insurance Co.,*
No. 98-230-CIV-FTM-19D, 2000 WL 151275
(M.D. Fla. Feb. 4, 2000) ......................................................................16, 17, 19

*Capitol Specialty Ins. v. Indus. Elecs., LLC*,
407 F. App'x 47 (6th Cir. 2011) .........................................................................14

*Hantz Financial Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
130 F. Supp. 3d 1089 (E.D. Mich. 2015) .....................................................12, 14

*Isroff v. Federal Ins. Co.*,
25 F.3d 1048 (6th Cir. 1994) (unpublished) ......................................................21

*Kmart Corp. v. Fireman's Fund Ins. Co.*,
88 F. Supp. 2d 767 (E.D. Mich. 2000) ..............................................................14

*Lifeline Health Group, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
665 F. Supp. 2d 770 (W.D. Ky. 2009)......................................................17, 18, 19

*Mediacom Se. LLC v. BellSouth Telecommunications, Inc.,*
672 F.3d 396 (6th Cir. 2012) ...............................................................................4

*Pilot Life Ins. Co. v. Dedeaux*,
481 U.S. 41 (1987)..............................................................................................17

*Salomon v Philadelphia Ins. Companies*,
Civ. No. 13-10378-DPW, 2014 WL 294320 (D. Mass. Jan. 23, 2014) .......22, 23

4662828

*Scott v. State Farm Fire & Cas. Co.*,
　86 F. Supp. 3d 727, 734 (E.D. Mich. 2015) ......................................................14

*Windsor v. The Tennessean*,
　719 F.2d 155 (6th Cir. 1983) ...............................................................................4

### State Cases

*Allstate Ins. Co. v. Freeman*,
　432 Mich. 656 (1989) ...................................................................................10, 11

*Auto Club Grp. Ins. Co. v. Burchell*,
　249 Mich. App. 468 (2001) ...............................................................................11

*Protective National Ins. Co. of Omaha v. City of Woodhaven*,
　438 Mich. 154 (1991) ...................................................................................10, 11

*State Farm Fire & Cas. Co. v. Basham*,
　206 Mich. App. 240 (1994) ...............................................................................11

*Zurich Ins. Co. v. Texasgulf, Inc.*,
　649 N.Y.S.2d 153, 233 A.D.2d 180 (App. Div. 1996)................................17, 19

### Statutes

ERISA § 3(18)(B) ..................................................................................................4

ERISA § 502(a)(3) ................................................................................................6

26 U.S.C. § 401 (a)(28)(C) ...................................................................................4

28 U.S.C. § 1132(a)(2)..........................................................................................6

### Other Authorities

Fed R. Civ. P., Rule 12(b)(6) ................................................................................4

iii

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

1.      Whether Exclusion F in the Great American policy, which precludes coverage for claims based on or arising out of actual or alleged violation of ERISA, precludes coverage for two underlying actions because all claims in both underlying actions are based on or arise out of actual or alleged violations of ERISA?

2.      Whether Exclusion F in the Great American policy, which also precludes coverage for claims based on or arising out of actual or alleged violation of securities laws, provides additional grounds for lack of coverage for one of the underlying actions which alleges violations of securities laws in addition to violations of ERISA?

iv

## <u>STATEMENT OF MOST APPROPRIATE AUTHORITY</u>

- *Bendis v. Federal Ins. Co*., 958 F.2d 960 (10th Cir. 1991).

- *Cape Coral Medical Center, Inc. v. American Continental Insurance Co.,* No. 98-230-CIV-FTM-19D, 2000 WL 151275 (M.D. Fla. Feb.4, 2000).

- *Isroff v. Federal Ins. Co*., 25 F.3d 1048 (6th Cir. 1994) (unpublished).

- *Lifeline Health Group, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*., 665 F. Supp. 2d 770 (W.D. Ky. 2009).

4662828

# I.  INTRODUCTION

Great American seeks a determination that it has no coverage obligations in connection with two actions pending against Great American's insureds, Stout Risius Ross, Inc., and Stout Risius Ross, LLC (as defined above, "the Stout entity defendants" or "Stout Risius").  Plaintiffs in the underlying actions allege various causes of action against Stout Risius, but all claims in both actions arise from the same facts and circumstances.

Stout Risius, a financial advisory firm, was retained by the trustees of the Appvion Retirement Savings and Employee Stock Ownership Plan, a plan governed by the Employee Retirement Income Security Act ("ERISA"), to conduct an ERISA-mandated independent valuation of a stock held by the plan.  All claims in both underlying actions arise from that engagement and are based on the allegation that Stout Risius performed a flawed valuation.  The Great American policy contains Exclusion F which precludes coverage for claims based on or arising out of actual or alleged violation of ERISA or securities laws.  As Stout Risius itself has argued strenuously in pleadings filed in both underlying actions, all claims against Stout Risius asserted in both actions are governed by ERISA. Hence, the ERISA provisions of Exclusion F apply to preclude coverage for both actions.  Moreover, the securities laws provisions of Exclusion F provide an

1

additional basis for lack of coverage for one of the underlying actions which alleges violations of securities laws.

## II.    STATEMENT OF FACTS

### A.    The Great American Policy

Great American issued Miscellaneous Professional Liability Insurance Policy No. MPLE248620 to Stout Risius Ross LLC for the policy period of September 1, 2018 to September 1, 2019. (Declaration of Samuel Marcus ("Marcus Decl."), Exhibit A.) The Great American policy, subject to all of its terms, conditions, limitations, exclusions, and endorsements, is a claims made and reported insurance policy that provides a $5,000,000 per claim limit of liability and a policy aggregate limit of $5,000,000, inclusive of claim expenses. (*Id.*, p. 1 of 33.)

As pertinent to this motion, the dispute centers on the application of Exclusion F, which provides as follows:

This Policy does not apply to any **Claim**:

**F**.    based on or arising out of actual or alleged violation of:

(1)    The Employee Retirement Income Security Act of 1974;

(2)    The Securities Act of 1933;

(3)    The Securities Act of 1934;

(4)    Any state Blue Sky or Securities law;

2

> or any rules, regulations or amendments issued in relation to such
> acts, or any similar state or federal statutes or regulations,
> including any **Claim** based upon common law principles of
> liability. . . .

(*Id*., p. 26 of 33.)

### B.    The Underlying Actions

As respects this motion, this coverage litigation concerns whether Great

American has any obligations to the Stout entity defendants with respect to two

underlying actions which Great American is currently defending:  the *Appvion*

*ESOP* action and the *Appvion Trust* action.  Each of the two underlying actions

arises from the same facts and circumstances.  Appvion, Inc. sponsored for its

employees the Appvion Retirement Savings and Employee Stock Ownership Plan

(the "ESOP").  (Exhibit 1, First Amended Complaint in the *Appvion ESOP* action,

¶ 61.)  Plaintiffs in the *Appvion ESOP* action alleged that the ESOP is an employee

benefit plan within the meaning of ERISA.  (*Id*.)  The ESOP's trustees had

fiduciary obligations to the ESOP pursuant to ERISA.  (*Id.*, ¶¶ 58-59.)  The ESOP

trustees' fiduciary duties included an obligation to conduct an annual independent

valuation of the stock of the Paperweight Development Corporation

("Paperweight"), which was held by the ESOP.  (*Id*., ¶ 57.)  The ESOP trustees

were required to retain an independent appraiser as described by Section

3

401(a)(28)(C) of the Internal Revenue Code[2] to value Paperweight stock.  (*Id.*, ¶ 186.)  The trustees, however, were responsible for reviewing and finalizing the valuation in accordance with Section 3(18)(B) of ERISA, which requires the fair market value to be determined in good faith by the trustee.  (*Id.*)

The ESOP trustees retained Stout Risius,[3] an independent advisory firm, to provide the ERISA statute's required independent valuation of Paperweight stock.  (*Id.*, ¶¶ 98-99; Exhibit 3, Memorandum In Support of Stout Risius' Motion to Dismiss the First Amended Complaint in the *Appvion ESOP* action, p. 9 of 38; Exhibit 4, PDC Valuation of Common Stock as of June 29, 2012.[4])  The terms and scope of the services provided by Stout Risius were confirmed in writing at various times over the course of Stout Risius' engagement by each ESOP Trustee.  (Exhibit 2, First Amended Complaint in the *Appvion Trust* action, ¶ 101.)  For example, on June 20, 2013, Stout Risius entered into an engagement agreement

---

[2]   26 U.S.C. § 401 (a)(28)(C) ("A plan [governed by ERISA] meets the requirements of this subparagraph if all valuations of employer securities which are not readily tradable on an established securities market with respect to activities carried on by the plan are by an independent appraiser.").

[3]   The ESOP trustees engaged Stout Risius Ross, Inc. for valuations from 2012 until December 31, 2016, and Stout Risius Ross, LLC, for the valuation as of June 30, 2017.

[4]   In its motions to dismiss both underlying actions, Stout Risius argues that its engagement by the ESOP trustees was governed by ERISA.  In considering a Rule 12(b)(6) motion to dismiss, a court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action.  *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).  The court can also consider documents in considering a motion to dismiss if they are integral to the complaint.  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.,* 672 F.3d 396, 400 (6th Cir. 2012).  Stout Risius' motions, therefore, are based on the allegations of the underlying complaints and documents referenced therein, which are also determinative of coverage under the Great American policy at this stage of the proceedings.

4

with Reliance Trust Company, which was serving as the ESOP trustee at that time, which provided as follows:

> … the engagement objectives and scope to consist of the determination of the Fair Market Value of the common stock of Appvion, Inc. ("Appvion" or the "Company") as of June 30, 2013 and December 31, 2013 (collectively, the "Valuation Dates."). We understand that our valuation analysis will be used for annual reporting and plan administration purposes by the [ESOP Trustee]. We will report solely to [Reliance], notwithstanding that [Appvion] will pay all fees for our work.
>
> In accordance with Title I of the Employee Retirement Income Security Act of 1974…for purposes of this engagement, we define the term "Fair Market Value" as the price at which an asset would change hands between a willing buyer and a willing seller when the former is not under any compulsion to buy and the latter is not under any compulsion to sell, and both parties are able, as well as willing, to trade and are well-informed about the asset and the market for the asset....

(Exhibit 6, Stout Engagement Agreements, p. 1 of 6.)   Stout Risius assigned personnel to the engagement whose practice concentrated on ESOP and ERISA Advisory Services.  (Exhibit 4.)

Both of the underlying lawsuits allege that Stout Risius overvalued Paperweight's stock, resulting in losses.  (*See e.g*., Exhibit 1, ¶ 43; Exhibit 2, ¶ 12.)

## C.   The *Appvion ESOP* Action

On November 26, 2018, the ESOP, by and through Grant Lyon in his capacity as the ESOP Administrative Committee of Appvion, Inc., filed the *Appvion ESOP* action in the United States District Court for the Eastern District of

Wisconsin against Stout Risius, among numerous other defendants.  Plaintiff filed the first amended complaint on January 8, 2019.  (Exhibit 1.)

Plaintiff alleges that Stout Risius was the financial advisor to the ESOP trustees, engaged to determine the fair market value of Paperweight stock.  (*Id*., ¶¶ 98-99.)  Plaintiff asserts that Stout Risius defined "fair market value" in accordance with ERISA.  (*Id*., ¶ 221.)  Plaintiff claims that the valuation reports prepared by Stout Risius were unreliable and that the share price determined by Stout Risius was inflated.  (*Id*., ¶ 318.)  Plaintiff avers that this inaccurate valuation caused Appvion and the ESOP to consistently overpay for the purchase of Paperweight stock, which forced Appvion into bankruptcy.  (*Id*., ¶¶ 243-244.)

Relying on the above alleged conduct, plaintiff in the *Appvion ESOP* action asserts the following causes of action against Stout Risius: (1) Count VIII for knowing participation in breaches of fiduciary duty pursuant to ERISA § 502(a)(3), 28 U.S.C. § 1132(a)(2); (2) Count X for fraud; (3) Count XII for negligent misrepresentation; (4) Count XIII for Wisconsin securities fraud; and (5) Count XIV for federal securities fraud.  The securities fraud claims allege that Paperweight's stock was a security and that Stout Risius violated securities laws by making false statements about the value of Paperweight's stock.  (*Id*., ¶¶ 728-731; 749-750.)

6

Stout Risius filed a motion to dismiss the first amended complaint arguing that ERISA governs the action because the ESOP trustees retained Stout Risius "for a singular and discrete purpose: to provide the statutorily-required independent valuation of the [Paperweight] stock held by the ESOP."  (Exhibit 3, p. 9 of 38.)  Stout Risius asserts that Count VIII, which is expressly based on ERISA, should be dismissed because Stout Risius was not a fiduciary to the plan, because the cause of action for knowing participation in a fiduciary breach is not available under ERISA, and because plaintiff fails to allege knowing participation in fiduciary breaches.  (*Id*.)  As to all other claims, Stout Risius argues that each claim is preempted by ERISA because all claims relate to the ERISA-governed ESOP.  (*Id*.)

### D.     The *Appvion Trust* Action

On or around November 30, 2018, Alan D. Halperin and Eugene I. Davis, as co-trustees of the Appvion Liquidating Trust, filed the *Appvion Trust* action as an adversary proceeding in a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the District of Delaware.[5]  The *Appvion Trust* action involves debtors Appvion, Inc., Paperweight Development Corp., PDC Capital Corporation, Appvion Receivables Funding I LLC, and APVN Holdings LLC.

---

[5]     The bankruptcy proceeding is styled *In Re Oldapco, Inc., et al.*, United States Bankruptcy Court, District of Delaware, Case No. 17-12082 (KJC).

Plaintiffs filed the first amended complaint under seal on February 19, 2019. (Exhibit 2.)  Plaintiffs in the *Appvion Trust* action assert that Stout Risius was engaged by the ESOP trustee, Argent Trust Company, to determine the fair market value of the Paperweight common stock.  (*Id*., ¶¶ 99-100.)  Plaintiffs assert that Stout Risius manipulated a number of critical elements of the valuation methodologies, which resulted in an inflated valuation of Paperweight stock.  (*Id*., ¶ 416.)  Plaintiffs in the *Appvion Trust* action assert that Stout Risius' flawed valuation of Paperweight stock aided and abetted the trustee's breaches of fiduciary duties of care and loyalty to the ESOP.  (*Id*., ¶ 417.)  Plaintiffs in the *Appvion Trust* action assert three causes of action against Stout Risius: (1) Count VI for aiding and abetting breaches of the fiduciary duties of care and loyalty; (2) Count X for avoidable preference, and (3) Count XI for avoidable transfer. Plaintiffs in the *Appvion Trust* action do not expressly raise application of ERISA in their pleadings.  (*Id*.)  However, the *Appvion Trust* action and the *Appvion ESOP* action, which is expressly based on ERISA, allege the same wrongdoing of Stout Risius.

Stout Risius filed its opening brief in support of its motion to dismiss the first amended complaint on March 19, 2019.  (Exhibit 5.)[6]  In its motion to dismiss,

---

[6]    Subsequently, plaintiffs filed the revised second amended complaint on July 2, 2019.  On July 24, 2019, the parties entered into a stipulation pursuant to which defendants, including Stout Risius, agreed that they preferred to stand on their motions to dismiss concerning the

Stout Risius argues that all counts against it alleged in the *Appvion Trust* action are preempted by ERISA.  (*Id.*)  Stout Risius relies on the following facts to establish application of ERISA:

- Argent, the trustee of an ERISA-governed plan, retained Stout Risius and delegated its ERISA fiduciary duties, namely the requirement that the fair market value of Paperweight stock held in the ESOP be determined annually by an independent appraiser.  (Exhibit 5, p. 8 of 47.)

- Stout Risius was a service provider to the trustee of an ERISA plan pursuant to an engagement agreement, which expressly stated that the engagement was in accordance with Title I of ERISA.  (Exhibit 5, pp. 9-10 of 47.)

Stout Risius argues that ERISA preempts all of the claims.  Stout Risius asserts that "ERISA's broad preemptive effect mandates that claims relating to ERISA plans be brought under ERISA.  Plaintiff seeks to dodge ERISA preemption by artful pleadings, because ERISA does not provide the cause of action or remedy Plaintiff seeks."  (Exhibit 5, p. 11 of 47.)  Stout Risius contends that ERISA applies because "the case centers around the alleged failure to value accurately the stock held in an ERISA plan as statutorily required."  (*Id.,* p. 13.)

---

first amended complaint and agreed that those motions should have equal applicability to the revised second amended complaint.  (Exhibit 7, Doc. 111 in the *Appvion Trust* action.)

4662828

### E.       Great American's Reservation of Rights

Great American is providing a defense to all Stout Risius defendants in the

*Appvion ESOP* action and to Stout Risius Ross Inc. and Stout Risius Ross LLC in

the *Appvion Trust* action, subject to a full reservation of rights.  (Marcus Decl.,

Exhibit B.)  Great American's reservation of rights included the right to disclaim

coverage on the basis of Exclusion F, the right to seek a judicial declaration as to

Great American's rights and obligations under the Great American policy, and the

right to seek reimbursement if it should be determined that Great American had no

obligation to defend or indemnify any of the insureds in connection with the

underlying actions.  *Id.*

## III.    ARGUMENT

### A.       Michigan Law Regarding The Determination of Insurer's Coverage Obligations

Michigan law requires an insurer to defend when the underlying claim is

actually covered by the policy, and also when the underlying claim is "arguably"

covered by the policy.  *Allstate Ins. Co. v. Freeman,* 432 Mich. 656, 662 (1989).

The duty to defend, however, arises only if insurance is afforded by the policy and

"if the policy does not apply then the insurer does not have a duty to indemnify or

defend the insured."  *Protective National Ins. Co. of Omaha v. City of Woodhaven*,

438 Mich. 154, 159 (1991).  In *Protective National*, the court affirmed summary

judgment in favor of the insurer in the insurer's declaratory relief action, holding

4662828

that the policy's pollution exclusion applied to eliminate a duty to defend or indemnify.  The court held that the allegations of the complaint did not even arguably come within the policy coverage and, even after looking behind the third party's allegations, coverage was not possible.  *Id*. at 160.  On this basis, the court found that the policy did not impose a duty to defend or indemnify the underlying action.  *Id*.

In Michigan, the duty to defend or indemnify is not determined solely on the basis of the terminology used in the plaintiff's pleadings in the underlying action.  *Id.* at 662; *State Farm Fire & Cas. Co. v. Basham*, 206 Mich. App. 240, 242 (1994).  Rather, a court focuses on the cause of the injury to determine whether coverage exists.  *Freeman,* 432 Mich. at 662-663; *Basham*, 206 Mich. App. at 242.  "So must the allegations be examined to determine the substance, as opposed to the mere form, of the complaint."  *Freeman*, 432 Mich. at 663; *Auto Club Grp. Ins. Co. v. Burchell*, 249 Mich. App. 468, 481 (2001) (holding that there was no coverage based on the court's evaluation of "the substance of the underlying tort complaint and the basis for the injuries, rather than simply the nomenclature in the complaint.").

11

**B.** **Exclusion F Precludes Coverage For Both Lawsuits Because All Claims Against Stout Risius Are Alleged To Be Based on or Arise Out of ERISA**

The Great American policy contains Exclusion F, which provides that the Great American policy does not apply to any claim "based on or arising out of actual or alleged violation of…the Employee Retirement Income Security Act of 1974…The Securities Act of 1933 or 1934…Any state Blue Sky or Securities law…or any similar state or federal statutes or regulations, including any **Claim** based upon common law principles of liability…."  (Marcus Decl., Exh. A, p. 26 of 33.)

**1.** **The Term "Based Upon Or Arising Out Of" Is Interpreted Broadly**

Exclusion F precludes coverage for claims "based upon or arising out of" actual or alleged violations of ERISA or securities laws.  In *Hantz Financial Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 130 F. Supp. 3d 1089, 1096 (E.D. Mich. 2015), the court evaluated the application of an exclusion which precluded claims "alleging, arising out of, based upon or attributable to any actual or alleged Wrongful Act committed with knowledge that it was a Wrongful Act." The insured argued that, even though it was undisputed that its employee stole the client's money and knew that the theft was wrongful, the exclusion did not apply because the underlying claim also arose out of the insured's negligent supervision of the employee.  *Id*. at 1096.  The court held that the plain language of the

12

exclusion was broad and on that basis the exclusion also applied to the negligent supervision claims because the underlying claims were "alleging, arising out of, based upon or attributable to" the employee's theft.

In *American Casualty Co. of Reading, Pa. v. Rahn*, 854 F. Supp. 492, 499 (W.D. Mich. 1994), the directors and officers policy issued to a savings association contained a regulatory exclusion which precluded coverage for claims "based upon or attributable to" certain actions and proceedings by regulatory agencies, including claims made by depository agencies.  The insured argued that the term "based upon or attributable to" was ambiguous and that a reasonable person could read the endorsement to mean only that the insurer would not cover losses caused by "secondary suits," i.e., suits bought after, and based upon, a suit by the depository agency.  The court held that the phrase "based upon or attributable to" was not ambiguous and "was used in front of specific descriptions of other general exclusions in the policy involved in that case, and it was used as a link between the specific type of claim excluded and the more general excluding language."  *Id*. at 499, internal quotation and citation omitted.  The court held that the insured's proposed narrow interpretation ignored the role of the phrase "based upon or attributable to," and that the phrase warranted the broader interpretation applying the exclusion to both direct and secondary suits.  *Id*. at 499-500.

13

In *Hantz*, the court expressly held that "Michigan courts interpret 'arising out of' broadly."  *Hantz*, 130 F. Supp. 3d at 1094; *see also Capitol Specialty Ins. v. Indus. Elecs., LLC*, 407 F. App'x 47, 50 (6th Cir. 2011) (holding that "the phrase 'arising out of' should be 'construed expansively.'").  "The term 'arising out of' is ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to or having a connection with.'" *Kmart Corp. v. Fireman's Fund Ins. Co*., 88 F. Supp. 2d 767, 773 (E.D. Mich. 2000) (holding that under Michigan law, vendor's endorsement to furniture manufacturer's comprehensive general liability insurance policy which provided coverage to vendor for bodily injury "arising out of" manufacturer's products was broad enough to impose duty to defend and indemnify vendor in suit alleging that vendor negligently assembled furniture for floor display, resulting in customer injury).

The Sixth Circuit Court of Appeals, relying on Michigan cases interpreting the auto exclusion, has instructed that the term "arising out of" requires a "causal connection" rather than "but for" causation, but also held that the term is "ordinarily understood to mean 'originating from' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to or having a connection with.'" *Assurance Co. of America v. J.P. Structures, Inc*., Nos. 95–2384, 96–1010, 96–1027, 1997 WL 764498, at *5 (6th Cir. 1997) (Exhibit 8); *see also Scott v. State*

14

*Farm Fire & Cas. Co.*, 86 F. Supp. 3d 727, 734 (E.D. Mich. 2015) (holding that, under Michigan law, injuries sustained by plaintiff when the water tube she was riding in while it was being towed by a boat owned and operated by insured collided with a boat hoist "arose out of" the use of the boat and not the tube, and thus plaintiff's accident fell within homeowners' policy exclusion for injuries arising out of the use of a watercraft).

### 2.     Both Lawsuits Are Based on and Arise Out Of Alleged Violations of ERISA

All claims asserted against Stout Risius in both the *Appvion ESOP* action and the *Appvion Trust* action are "based on or aris[e] out of" alleged violations of ERISA.  Both lawsuits are based on and arise out of Stout Risius' engagement by the ESOP trustees to determine the fair market value of the stock held by an ERISA-governed plan in accordance with Title I of ERISA:

- The Appvion ESOP was governed by ERISA.  (Exhibit 1, ¶ 61.)

- The ESOP trustees had a fiduciary obligation pursuant to ERISA to value Paperweight stock.  (*Id.*, ¶¶ 57-59.)

- The ESOP trustees retained Stout Risius to conduct the independent valuation of Paperweight stock in accordance with Title I of ERISA. (Exhibit 6.)

15

In its motions to dismiss filed in both actions, Stout Risius confirms that its engagement was pursuant to ERISA's mandate that the ESOP trustees retain an independent appraiser and arise from the failure to value accurately the stock held in an ERISA-governed plan.  (Exhibit 3, p. 8 of 38; Exhibit 5, p. 8 of 47.)  There is no other factual basis for Stout Risius' liability to both sets of plaintiffs.  On this basis, Exclusion F applies to preclude coverage for all claims in both actions.

In *Cape Coral Medical Center, Inc. v. American Continental Insurance Co.,* No. 98-230-CIV-FTM-19D, 2000 WL 151275, *1 (M.D. Fla. Feb.4, 2000) (Exhibit 9), the district court applied an ERISA exclusion which precluded "LIABILITY based upon the Employee Retirement Income Security Act of 1974 [ERISA], Public Law 93–406, commonly referred to as the Pension Reform Act of 1974, and amendments thereto or similar provisions of any federal, state, or local statutory law."  *Id*.  A series of lawsuits were brought by former employees against the insured, Cape Coral, based upon the employees' pension benefits which were "predicated explicitly or by the clearest of implication upon ERISA."  *Id*.  The court held that the insurer had no duty to defend the underlying lawsuits because the complaints expressly alleged violations of ERISA.  The court also held, however, that the ERISA exclusion applied because even if any claims might have been raised under state law and not ERISA they would have been preempted by ERISA.  *Id*. at *3.  The court held that "[b]ecause all of the claims in the suits

16

against Cape Coral involved its pension plan, all claims had to be based on

ERISA" and, on that basis, all claims fell within the ERISA exclusion precluding

the insurer's defense obligations. *Id.*

Similarly, in *Zurich Ins. Co. v. Texasgulf, Inc.*, 649 N.Y.S.2d 153, 233

A.D.2d 180 (App. Div. 1996), which *Cape Coral* cited, the court held that an

exclusion for liability under ERISA applied to terminate the insurer's duty to

defend its insureds in a pending underlying action because all claims in the

underlying action related to an employee benefits plan and, on that basis, all claims

were either based upon ERISA or preempted by ERISA.  The court observed that,

on the basis of *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987), a decision of

the United States Supreme Court regarding the expansiveness of ERISA's

preemption clause, the underlying actions which related to an employee benefits

plan could only be based on ERISA liability and could not include state-law

claims. *Zurich*, 233 A.D.2d at 180.  On this basis, the *Zurich* court concluded that

the insureds "ha[d] no actual or potential exposure except for liability that is

expressly excluded from coverage under the terms of the endorsement." *Id.*

In *Lifeline Health Group, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,

665 F. Supp. 2d 770 (W.D. Ky. 2009), the underlying plaintiffs alleged that the

insured, a healthcare service provider, breached its duty to investigate the quality

and administration of an ERISA-governed healthcare plan.  In the coverage action,

17

the insurers moved to dismiss the bad faith complaint arguing, among other things, that the ERISA exclusion applied to preclude coverage.  The exclusion at issue provided: "[t]he Insurer shall not be liable to make any payment for Loss in connection with a Claim made against an insured ... for violation(s) of any of the responsibilities, obligations or duties imposed by the Employee Retirement Income Security Act of 1974, ... any rules or regulations of the foregoing promulgated thereunder, and amendments thereto or any similar provisions of any federal, state, local or foreign statutory law or common law...."  *Id*. at 777-78.

The court observed that, in order to interpret the applicability of the exclusion, it had to determine the basis of the case by looking at the underlying acts and allegations against the insured.  *Id*. at 778.  The court held that the ERISA exclusion applied based on the following grounds:

> The individual complaints attached to the Amended Complaint each expressly allege a violation of the responsibilities, obligations or duties imposed by ERISA.  Therefore, any loss sustained would be a loss for a violation of the responsibilities, obligations or duties imposed by ERISA.  Additionally, there are no facts asserted by the Plaintiffs which might be liberally construed so that the Court might find that the Plaintiffs are not bound by the responsibilities, obligations or duties imposed by ERISA.

*Id*.  The court also held that its conclusion that the ERISA exclusion applied was not affected by the insured's argument that it was not a fiduciary or administrator of the plan for purposes of ERISA.  *Id*.

18

Here, both actions allege discrete facts related to Stout Risius' alleged wrongdoing. All claims against Stout Risius are based on its allegedly flawed valuation of Paperweight stock held by an ERISA-governed plan pursuant to an engagement by the plan's trustees to meet their ERISA-mandated obligations. There are no other factual grounds for claims against Stout Risius in either action. As in *Cape Coral* and *Zurich*, the ERISA exclusion here applies because all claims are either expressly based on ERISA or can only be brought under ERISA. Even though Stout Risius is not alleged to be the fiduciary or administrator of an ERISA-plan, but rather a service provider to the fiduciaries, the ERISA exclusion applies pursuant to *Lifeline*.

### C.     Coverage for the *Appvion ESOP* Action Is Also Precluded Because It Alleges Violations of Securities Laws

The counts alleged in the *Appvion ESOP* action also fall within the securities laws provisions of Exclusion F. As stated above, Exclusion F, in pertinent part, precludes coverage for any claim "based on or arising out of actual or alleged violation of… The Securities Act of 1933 or 1934…Any state Blue Sky or Securities law…or any similar state or federal statutes or regulations, including any **Claim** based upon common law principles of liability…."

In Count XIII of the *Appvion ESOP* action, plaintiff asserts that Stout Risius committed securities fraud under Wisconsin law by falsely representing the fair market value of Paperweight stock and by omitting material facts necessary to

19

render its representations not misleading, knowing that the stock prices would be used in connection with the offer, sale or purchase of a security in the state of Wisconsin.  (Exhibit 1, ¶¶ 728-733.)  In Count XIV, plaintiff asserts that Stout Risius committed federal securities fraud, making untrue statements and omissions in connection with the purchase and sale of Paperweight stock.  (*Id.*, ¶¶ 749-753.) These securities fraud counts fall squarely within the securities laws provisions of Exclusion F.

Plaintiffs in the *Appvion ESOP* action also assert causes of action for fraud and negligent misrepresentation.  These counts are based on the same set of facts as the remainder of the counts.  In *Bendis v. Federal Ins. Co.*, 958 F.2d 960, 963 (10th Cir. 1991), the Tenth Circuit found that the securities exclusion applied not just to the counts that actually alleged securities law violations but also to two common law counts alleging fraud and misrepresentation because the claims relied on the same factual allegations that formed the basis of the securities violations alleged in the other counts.  The exclusion provided, similar to the Great American exclusion, as follows:

> The Company shall not be liable under this policy to make any payment for Loss in connection with any claim(s) made against any Insured Person(s):
>     ....
> (h)     where all or part of such claim is, directly or indirectly, based on, attributable to, arising out of, resulting from or in any manner related to any actual or alleged violation of the

> Securities Act of 1933, the Securities Exchange Act of 1934,
> the Investment Company Act of 1940, the Public Utility
> Holding Act of 1935, any state Blue Sky or securities law, all as
> they may be amended, or any other law relating to securities
> transactions, or any of their amendments.

*Id.* at 961.  The Court of Appeals agreed with the district court's finding that

the securities exclusion applied to the common law tort claims alleging fraud

and misrepresentation because those counts relied on the same factual

allegations that formed the basis of the securities violations alleged in the

other counts.  *Id*. at 963.  Similarly here, all counts arise from the discrete set

of factual allegations – Stout Risius' valuation of stock held by an ERISA

plan.

Likewise, in *Isroff v. Federal Ins. Co*., 25 F.3d 1048, *2 (6th Cir. 1994)

(Exhibit 10), the Sixth Circuit, applying Ohio law, determined that a suit against

Federal's insured was excluded from coverage under the securities exclusion in the

directors' and officers' liability policy because the fiduciary duty claim was

"directly or indirectly ... related to an [] ...alleged violation of ... the Securities

Exchange Act of 1934."  *Id.*  The underlying plaintiffs initially asserted a securities

claim, which was subsequently dismissed for lack of subject matter jurisdiction,

which alleged that the insureds misrepresented or failed to inform the plaintiffs of

the business volume and future plans of Westhall Co. in connection with a

transaction involving the sale of plaintiffs' 15 percent ownership interest in

21

Westhall.  Plaintiffs also asserted a common law breach of fiduciary duty claim, which also alleged that the insureds failed to disclose information relating to the value of the shares and concealed facts relating to Westhall's business operations and future prospects.  The court held that "[t]he fiduciary duty claim is 'related to' the securities claim because it posed an alternative theory for recovery based on the alleged withholding of information material to the [plaintiffs'] decision to sell their stock in Westhall."  *Id*.  The court held that the securities exclusion applied to the breach of fiduciary duty claim despite the dismissal of the securities claim.  *Id*. ("[T]he securities claim plainly 'alleged [a] violation of ... the Securities Exchange Act of 1934' before it was dismissed and this allegation triggered application of the securities exclusion.").

Moreover, in *Salomon v Philadelphia Ins. Companies*, Civ. No. 13-10378-DPW, 2014 WL 294320 (D. Mass. Jan. 23, 2014) (Exhibit 11), the "Securities Practice Exclusion" provided in part that the insurer "will not defend or pay under this Policy for any CLAIM ... arising out of an actual or alleged violation of ... any State Blue Sky Laws; or any rules, regulations or amendments issued in relation to such acts, or for any claim based upon common law principles of liability if made in connection with an actual or alleged violation of any law listed ... above [e.g., State Blue Sky Laws]."  *Id.* at *4 (internal quotes omitted).  The gravamen of the factual allegations in the underlying action was that the insured accounting firm

22

4662828

negligently recommended a particular investment to Davidson, a former client. Davidson also alleged that the insured engaged in a number of violations of the Massachusetts Uniform Securities Act, including by operating an unregistered agent offering and selling unregistered notes, and offering and selling notes by means of untrue statements or omissions of material fact, which relied on the same factual allegations as the common law claims.

The court found that the Securities Practice exclusion unequivocally barred coverage for claims alleging Blue Sky law violations as well as common law claims made "in connection with" claims alleging Blue Sky law violations. The entire complaint fell squarely within the scope of the Securities Practice Exclusion because the common law claims were "made in connection with an ... alleged violation of ... State Blue Sky Laws." *Id.* at *9.

Pursuant to the above authorities, the fraud and negligent misrepresentation counts, which are based on the same factual allegations as the securities law violation counts (and the ERISA-based count), fall within the scope of Exclusion F. Accordingly, the provisions of Exclusion F which preclude coverage for claims alleging violations of securities laws provide an additional ground for the determination that Great American has no duty to defend or indemnify Stout Risius in the *Appvion ESOP* action.

23

## IV.   CONCLUSION

The ERISA exclusion precludes coverage for all claims asserted against the Stout entity defendants in both the *Appvion Trust* action and the *Appvion ESOP* action because each claim is either based upon or arises out of ERISA.  Moreover, Exclusion F's provisions precluding coverage for claims alleging violations of securities laws provide an additional basis for a finding of no coverage for the *Appvion ESOP* action.  Accordingly, Great American respectfully requests that the Court enter an order granting Great American's motion for partial summary judgment against the Stout entity defendants on its claims for relief regarding lack of duty to defend and indemnify in connection with the *Appvion Trust* action and the *Appvion ESOP* action.

s/Elaine M. Pohl
Elaine M. Pohl (P60359)
Charles W. Browning (P32978)
PLUNKETT COONEY, P.C.
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
(248) 901-4000
epohl@plunkettcooney.com
cbrowning@plunkettcooney.com

-and-

24

Bruce D. Celebrezze
(admitted in E.D. Mich.)
Cal. State Bar No. 102181
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, CA  94105
(415) 365-9800
bruce.celebrezze@clydeco.us
*Attorneys for Plaintiff*

Dated:  September 5, 2019

25

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2019, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*s/Elaine M. Pohl*
Elaine M. Pohl (P60359)

26

4662828