UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN FIDELITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>STOUT RISIUS ROSS, INC., *et al.*,<br><br>    Defendants. | Case No. 19-cv-11294<br>Honorable Laurie J. Michelson<br>Magistrate Judge R. Steven Whalen |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [48]**

Stout Risius Ross, Inc. and Stout Risius Ross, LLC (collectively "Stout"), a financial advisory firm, was hired to value the stock of a paper company. Stout was later sued for overvaluing that stock. Stout demanded coverage for the suit (and another related action) from its professional-liability insurer, Great American Fidelity Insurance Company. Great American began defending Stout in the two suits but subsequently brought this declaratory judgment action. Great American previously filed a motion for partial summary judgment seeking a declaration that it had no duty to defend or indemnify Stout or its employees in the underlying actions because coverage was excluded under the terms of the insurance policy. The Court denied that motion, finding that Great American had not shown that all of the underlying claims were excluded from coverage and so it had a duty to defend Stout in the action. The Court ruled that the indemnification claim was not yet ripe.

Since the Court denied that motion, there have been significant developments in one of the underlying actions that lead Great American to believe it no longer has a duty to defend or indemnify Stout in that action. So Great American again seeks partial summary judgment on its third and fourth claims for relief. Because the only remaining claim against Stout in the underlying action clearly falls under a policy exclusion, Great American no longer has a duty to defend or indemnify Stout in that action and its motion is granted.

## I.

The current motion for partial summary judgment relates only to one of the underlying suits against Stout (referred to as the Appvion ESOP action). In that action, Stout was sued by the Trustees of the Appvion Retirement Savings and Employee Stock Ownership Plan ("Appvion ESOP") for its role in providing an independent valuation of the stock of Appvion's parent company, Paperweight Development Corporation. (ECF No. 48-3, PageID.3653, 3761.) After the valuation, Appvion went bankrupt and the Appvion ESOP suffered resulting financial losses. (*Id.* at PageID.3603.) In the Appvion ESOP suit, the Trustees alleged, in part, that Stout negligently or fraudulently appraised and overstated the value of the ESOP's stock in Paperweight, which contributed to Appvion's bankruptcy and the corresponding losses sustained by the ESOP and its participating employees. (*Id.* at PageID.3653, 3681, 3761.) The prior complaint included five counts against Stout for breach of fiduciary duty under ERISA, fraud, negligent misrepresentation, Wisconsin securities fraud, and federal securities fraud. (ECF No. 48-3, PageID.3752–3782.)

Stout requested coverage for the Appvion ESOP action under its Great American professional liability insurance policy. Stout bought this $5 million insurance policy (ECF No. 1-1) to provide defense and indemnification protections for claims arising from Stout's valuation services (ECF No. 24, PageID.1849). The policy defines covered professional services to include "valuation services." (ECF No. 1-1, PageID.27.) The policy also includes a number of exclusions. The exclusion at issue in this case is Exclusion F. In relevant part, Exclusion F reads as follows:

> This Policy does not apply to any Claim . . . based on or arising out of actual or alleged violation of . . . (1) The Employee Retirement Income Security Act of 1974; (2) The Securities Act of 1933; (3) The Securities Act of 1934; (4) Any state Blue Sky or Securities law; . . . or any rules, regulations or amendments issued in relation to such acts, or any similar state or federal statutes or regulations, including any Claim based upon common law principles of liability.

(ECF No. 1-1, PageID.52.)

Great American agreed to defend Stout in the Appvion ESOP action, subject to a full reservation of rights. (ECF No. 1, PageID.14.) Stout and six individual defendants (Stout employees and their spouses) who were sued in the Appvion ESOP action filed a motion to dismiss in the Appvion ESOP action. (ECF No. 22-13.)

Great American then brought this suit against Stout and the other defendants seeking a declaration that Great American had no duty to defend or indemnify them in the Appvion ESOP action. The Court granted a motion to dismiss the six individual defendants for lack of personal jurisdiction. (ECF No. 35.)

Great American then filed a motion for partial summary judgment as to the Stout entities only. (ECF No. 19.) In that motion, Great American argued that it had

3

no duty to defend Stout in the Appvion ESOP action because all of the claims against Stout fell under Exclusion F of the insurance policy. The Court disagreed and found that Great American had failed to carry its burden of showing as a matter of law that Exclusion F applied to at least two of the underlying claims. *Great Am. Fid. Ins. Co. v. Stout Risius Ross, Inc.*, 438 F. Supp. 3d 779, 788 (E.D. Mich. 2020). And a duty to defend against some of the claims meant a duty to defend against the entire action. *Id.* at 786. So the Court denied the motion. *Id.* at 789. The Court then stayed this case per the parties' stipulation. (ECF No. 40.)

Since the Court issued that opinion, there have been several developments in the Appvion ESOP action in Wisconsin. In July 2020, the Wisconsin court granted Stout's motion to dismiss the first amended complaint, but granted the plaintiffs leave to amend. (ECF No. 48-4.) The ESOP plaintiffs then filed a second amended complaint on September 25, 2020. (ECF No. 48-5.) The only claim against Stout in the second amended complaint is for "Federal Securities Fraud." (*Id.* at PageID.4230.) In November 2020, Stout filed a motion to dismiss the second amended complaint, which is currently pending. (ECF No. 51-4.)

The next month, Great American returned to this Court and asked it to lift the stay and grant leave to file a second motion for summary judgment in light of the changed circumstances in the underlying action. (ECF No. 43.) The Court granted the request. (ECF No. 47.) Now before the Court is Great American's renewed motion for summary judgment, which asks the Court to declare that Great American no

4

longer has a duty to defend or indemnify Stout in the Appvion ESOP action as of September 2020. (ECF No. 48.)

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing that there is no material factual dispute rests with the movant, Great American. *See FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). If the moving party satisfies this initial burden, "the non-moving party must then 'come forward with specific facts showing that there is a genuine issue for trial.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008).

The parties agree that Michigan law applies to the determination of Great American's coverage obligations.

## III.

Great American argues that its duty to defend Stout in the Appvion ESOP action ended of September 25, 2020 because the sole remaining claim against Stout is barred by policy exclusion F. The Court agrees.

Although exclusionary clauses in insurance policies should be construed in favor of the insured, *Matouk v. Michigan Mun. League Liab. & Prop. Pool*, 907

5

N.W.2d 853, 859 (Mich. Ct. App. 2017), and an insurer has a duty to defend if there are any theories of recovery that fall within the policy, *Auto Club Grp. Ins. Co. v. Burchell*, 642 N.W.2d 406, 412 (Mich. Ct. App. 2001), the duty to defend ends when "there is no longer any uncertainty as to the possibility of coverage," *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F. Supp. 2d 847, 853 (E.D. Mich. 1997).

Exclusion F of the insurance policy states, in relevant part, that the policy does not apply to any claim "based on or arising out of actual or alleged violation of" the Securities Acts of 1933 and 1934. (Exhibit A to Exhibit 5.)

The current operative complaint (the second amended complaint)[1] in the Appvion ESOP action includes only one count against Stout: "Count XXXV, Federal Securities Fraud." (ECF No. 48-5, PageID.4230.) Stout argues in its response in this case that despite the title, this count pleads at most a negligence claim and not a securities-fraud claim. (ECF No. 51, PageID.4327–4329.) Stout also raised this argument in a motion to dismiss in the underlying action where it makes the case that the securities claim should be dismissed with prejudice because the plaintiff has not stated with particularity facts evidencing an intention to deceive or pled a motivation to deceive, as required for a securities-fraud claim. (*Id.* at PageID.4323–4324.)

---

[1] Stout insists that the Court should also consider previous versions of the complaint, but "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Fuqua v. Brennan*, 645 F. App'x 519, 523 (7th Cir. 2016) *(*citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004)).

But Stout's argument that the federal securities fraud claim is not properly pled is not dispositive under the clear language of the insurance policy. Exclusion F applies to any claim "based on or arising out of actual or *alleged* violation of" federal securities law. Examining the text of the operative complaint, it is clear that the plaintiff *alleges* a violation of federal securities fraud. The complaint states that Stout knowingly or recklessly made material misrepresentations "in connection with the purchase or sale of a security." (ECF No. 48-5, PageID.4237.) It explicitly states that Stout's conduct violated the Securities Exchange Act of 1934. (*Id.* at PageID.4231.) Stout might ultimately be correct that there is no actual violation of any securities laws at issue, but there is clearly an alleged violation of securities laws, even if those allegations fail to adequately plead an element of securities fraud (i.e., scienter). None of the cases that Stout cites in support of its position are factually analogous or otherwise change this clear conclusion.

So as of September 25, 2020, the date of the second amended complaint, all claims against Stout in the underlying action fall within policy exclusion F and thus Great American has no duty to defend or indemnify Stout in the underlying action from that date forward. *See Am. Bumper and Mfg. Co. v. Hartford Fire Ins. Co.*, 550 N.W.2d 475, 483 (Mich. 1996). ("[I]nsurers owe a duty to defend until the claims against the policyholder are confined to those theories outside the scope of coverage under the policy.").

7

### IV.

For the reasons stated, Great American has no duty to defend or indemnify Stout in the underlying Appvion ESOP action as of September 25, 2020. Great American's motion for partial summary judgment on its third and fourth claims for relief (ECF No. 48) is GRANTED.

SO ORDERED.

Dated: August 23, 2021

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE